**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMON FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:25-cv-01063-CMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORDANDUM AND ORDER**

This matter is before the Court on Plaintiff Amon Freeman's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) and Motion for an Evidentiary Hearing (Doc. 3). For the reasons set forth below, both motions are **DENIED**.

**BACKGROUND**

Plaintiff was arrested during a routine traffic stop after officers discovered he possessed a firearm despite being a previously convicted felon. *United States v. Amon Freeman*, No. 4:21-CR-00604 MTS (E.D. Mo.), (Crim. Doc. 44 at 3). A federal grand jury indicted Plaintiff under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. *Freeman*, No. 4:21-CR-00604 MTS, (Crim. Doc. 1).

During pre-trial proceedings, Plaintiff asked for a long series of extensions of time to file pre-trial motions. *Freeman*, No. 4:21-CR-00604 MTS, (Crim. Docs. 23, 26, 28, 31, 33, 36). The court granted each of the requested extensions, each time tolling the speedy trial clock. *Freeman*, No. 4:21-CR-00604 MTS, (Crim. Docs. 25, 27, 30, 32, 34, 37).

Plaintiff ultimately waived all pre-trial motions and entered a plea of guilty. (Doc. 13 at 2). Plaintiff's guilty plea included a waiver of all post-conviction rights to contest the conviction, including pursuant to 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel. *Freeman*, No. 4:21-CR-00604 MTS, (Crim. Doc. 44 at 7).

After his guilty plea, Plaintiff was presented with the United States Probation Office's Disclosure Presentence Investigation Report, which identified both the charged offense pursuant to Section 922(g)(1) and the statutory maximum sentence of imprisonment of ten years (or 120 months) for that offense pursuant to 18 U.S.C. § 924(a)(2). (Doc. 13 at 3). Plaintiff was sentenced to 70 months imprisonment, substantially less than the maximum sentence of 120 months. (Doc. 13 at 3).

Plaintiff initially appealed his sentence but then moved to dismiss his appeal and filed this *pro se* Motion to Vacate Sentence pursuant to Section 2255. (Docs. 1; 13 at 3). In his Motion, Plaintiff claims: (1) ineffective assistance of counsel; (2) the Government's failure to charge him by grand jury indictment; (3) violation of his right to a speedy trial; and (4) a due process violation based on "the 3 previous violation[s] and the processing of the case in its intirety [*sic*]. . . ." (Doc. 1 at 4, 5, 7, 8).

## ANALYSIS

### I. Standard of Review

A motion under Section 2255 is analyzed exactly like a petition for a writ of *habeas corpus*. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011). And a *habeas* petition may be denied when Plaintiff is clearly not entitled to relief. *Perez Rodriguez v. Warden*,

No. 1:26-CV-149-ZMB, 2026 WL 1853286, at *1 (E.D. Mo. June 26, 2026) (dismissing immigration *habeas* petition without issuing show cause order to respondents when it "plainly appears that [petitioner] is not entitled to relief."). The plaintiff bears the burden of proof. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

## II. Plaintiff is not entitled to relief under Section 2255.

First, Plaintiff argues his counsel was ineffective for failing to inform him of a second charge against him pursuant to Section 924, that he was not charged by grand jury indictment, and of the resulting "lack of Due Process." (Doc. 1 at 4). Plaintiff is mistaken.

Claims of ineffective assistance of counsel have two prongs: (1) counsel's performance was below the minimum standard of competence, and (2) the plaintiff was actually prejudiced by counsel's failure. *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995). Failure of either prong "is fatal to the claim." *Cole v. Roper*, 579 F. Supp. 2d 1246, 1263 (E.D. Mo. 2008). Counsel is presumed to have acted reasonably and competently. *Nave*, 62 F.3d at 1035.

The record is clear that Plaintiff was indicted by the federal grand jury. *Freeman*, No. 4:21-CR-00604 MTS, (Crim. Doc. 1). And the grand jury indictment charged him with violating 18 U.S.C. § 922(g)(1), which prohibits previously convicted felons from possessing firearms. *Freeman*, No. 4:21-CR-00604 MTS, (Crim. Doc. 1). Plaintiff eventually pleaded guilty to that single charge. *Id.* (Crim. Doc. 44).

The statutory penalty for a conviction under Section 922(g)(1) is found in 18 U.S.C § 924(a)(2). Plaintiff was not charged pursuant to Section 924(a)(2), as that section does not contain a substantive criminal offense and only sets forth the statutory sentence for a

violation of Section 922(g)(1). Furthermore, Plaintiff acknowledged at his guilty plea hearing that he understood the maximum possible penalty allowed by statute was ten years pursuant to Section 924(a)(2). *Freeman*, No. 4:21-CR-00604 MTS, (Crim. Doc. 44 at 4). He was sentenced substantially below the ten-year statutory maximum. (Doc. 1 at 1).

So, Plaintiff was charged by grand jury indictment, there was no second charge under Section 924(a)(2), and Plaintiff was not denied due process. *Contra* (Doc. 1 at 4). Thus, Plaintiff fails to establish his counsel's performance was deficient or that Plaintiff suffered any prejudice.

For his second, third, and fourth claims, Plaintiff again alleges the Government's failure to charge him by grand jury indictment, a violation of his right to speedy trial, and another due process violation based on the preceding claims. (Doc. 1 at 5, 7, 8). As already explained, the record is clear that Plaintiff was charged by grand jury indictment. Also, any delay in Plaintiff's case was due to Plaintiff's own intransigence and, as the trial court found, did not count against the speedy trial clock. *See Freeman*, No. 4:21-CR-00604 MTS, (Crim. Docs. 23, 25, 26, 27, 28, 30, 31, 32, 33, 34, 36, 37, 38, 40); *see also Vermont v. Brillon*, 556 U.S. 81, 90 (2009) ("delay caused by the defense weighs against the defendant." (citation modified)); *United States v. Wright*, No. 8:22CR253, 2025 WL 1655696, at *5 (D. Neb. Apr. 18, 2025) ("The Eighth Circuit has held that delay caused by pretrial motions, 'whether filed by the defendant or the prosecution,' is excludable from calculations under the Speedy Trial Act.") (quoting *United States v. McGhee*, 532 F.3d 733, 736 (8th Cir. 2008)). For the same reasons, Plaintiff's due process claim based on his other unmeritorious claims also fails.

At any rate, Plaintiff waived his right to bring any of these claims in his guilty plea. *Freeman*, No. 4:21-CR-00604 MTS, (Crim. Doc. 44). Generally speaking, a waiver of post-conviction rights will be enforced when the Government can establish: (1) that the claim "is clearly and unambiguously within the scope of the waiver," (2) "the defendant entered into the waiver knowingly and voluntarily," and (3) dismissal of the claim "would not result in a miscarriage of justice." *See DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000); *United States v. McIntosh*, 492 F.3d 956, 959 (8th Cir. 2007).

At his guilty plea, Plaintiff waived all rights to post-conviction relief, including pursuant to Section 2255, except for claims of ineffective assistance of counsel and prosecutorial misconduct. *Freeman*, No. 4:21-CR-00604 MTS, (Crim. Doc. 44 at 7). Plaintiff's claims here clearly are not for ineffective assistance of counsel or prosecutorial misconduct and therefore are clearly and unambiguously within the scope of Plaintiff's waiver. Also, the record confirms that Plaintiff's waiver was knowing and voluntary. *Id.* Finally, denying Plaintiff's claim would not result in a miscarriage of justice. In fact, the opposite is true. Plaintiff acknowledged that he understood his post-conviction rights and his waiver of those rights, which were explained to him by counsel. *Id.*

Plaintiff's claims of ineffective assistance of counsel fail on both prongs, and his remaining claims lack merit and are waived. Plaintiff's motion to vacate his sentence pursuant to Section 2255 is therefore **DENIED**.

## III. Plaintiff is not entitled to an evidentiary hearing.

When a plaintiff is conclusively not entitled to relief, there is no need for an evidentiary hearing. *Holder v. United States*, 721 F.3d 979, 993 (8th Cir. 2013) (quoting

28 U.S.C. § 2255(b)); *see also Ford v. United States*, 917 F.3d 1015, 1026 (8th Cir. 2019). As already demonstrated, the record makes clear that Plaintiff has no valid claims. Therefore, the Motion for an Evidentiary hearing is likewise **DENIED**.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions to Vacate Sentence, (Doc. 1), and for an Evidentiary Hearing, (Doc. 3), are **DENIED**. This case is **DISMISSED** with prejudice. A separate order of dismissal will accompany this memorandum and order.

Dated this 18th day of September 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE